

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

September 1, 2020

**By CM/ECF and Electronic Mail**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Wilson Pagan*,
              **10 Cr. 392 (CS)**
              **17 Civ. 1444 (CS)**

Application granted. The Government shall submit its brief within one month after the *en banc* ruling in *Scott*. Petitioner may reply one month thereafter.

SO ORDERED.

*/s/ Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

9/4/20

Dear Judge Seibel:

    The Government writes respectfully to (1) apologize to the Court and to the defendant, Wilson Pagan, for missing its deadline to submit a response to Pagan's April 30, 2020, memorandum of law; and (2) request, with Pagan's consent, that this Section 2255 motion be held in abeyance pending the disposition of the *en banc* rehearing of *United States v. Scott*, 954 F.3d 74 (2d Cir. 2020).

    By way of brief background, in 2013, following a trial, a jury convicted Pagan of 15 counts relating to crimes he committed with and as a member and leader of the Latin Kings in Newburgh, New York. At sentencing, on November 26, 2013, this Court sentenced Pagan primarily to a total of life plus 85 years' imprisonment, including three concurrent life sentences on Counts One, Two, Five, and Twenty-Three (the penultimate of which was a mandatory life sentence), and consecutive sentences of ten years' imprisonment on Count Twenty-Nine and twenty-five years' imprisonment on each of Counts Thirty, Thirty-Two, and Thirty-Three.[1] (Criminal Docket Entry 814).[2] The United States Court of Appeals for the Second Circuit affirmed Pagan's convictions and sentences. *United States v. Sanchez*, 623 F. App'x 35 (2d Cir. 2015).

---

[1] The Court dismissed Count Thirty-One, on a motion from the Government, as a lesser-included offense of Count Thirty-Two).

[2] "Criminal Docket Entry" refers to a docket entry on the docket for *United States v. Pagan*, 10 Cr. 392 (CS); "Civil Docket Entry" refers to a docket entry on the docket for *Pagan v. United States*, 17 Cr. 1444 (CS).

Hon. Cathy Seibel
September 1, 2020
Page 2 of 4

Pagan filed a motion, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence in 2017, arguing that his counsel were ineffective on a number of different grounds, as well as that his Section 924(c) convictions should be vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015). (Civil Docket Entries 1–3, 6). The Government responded to that motion. (Criminal Docket Entries 1036, 1045). This Court denied the Section 2255 motion to the extent that it alleged ineffective assistance of trial and appellate counsel, but held the motion in abeyance pending further guidance from the Second Circuit regarding the question of the viability of the Section 924(c) counts of conviction. *Pagan v. United States*, Nos. 10 Cr. 392 (CS), 17 Civ. 1444 (CS), 2018 WL 9963870 (S.D.N.Y. Mar. 16, 2018).

The Court then directed the Government to brief the Section 924(c) issue by January 10, 2019. (Criminal Docket Entry 1111). The Government did so. (Criminal Docket Entry 1113). Pursuant to Pagan's request, this Court held the motion in further abeyance pending the Supreme Court's resolution of *United States v. Davis*, which addressed the question raised by Pagan in his Section 2255 motion: whether Section 924(c)(3)(B) was void for vagueness. (Docket Entry 1120). On June 24, 2019, the Supreme Court decided, that Section 924(c)(3)(B) was, indeed, void for vagueness. *United States v. Davis*, 139 S. Ct. 2319 (2019). A few weeks later, this Court twice directed the Government to submit a letter stating its position in light of *Davis* by August 14, 2019. (Criminal Docket Entry 1128; Civil Docket Entries 28, 30, 31).

The Government submitted a belated 22-page brief addressing *Davis*. (Criminal Docket Entry 1131).[3] In that brief, the Government agreed that, following *Davis*, Counts Thirty and Thirty-Three could no longer stand and should be vacated. (*Id.* 14–15). However, the Government argued that Count Thirty-Two, which was predicated on the attempted murder and murder of Jeffrey Zachary in aid of racketeering, was still valid, as murder and attempted murder remained crimes of violence under Section 924(c)(3)(A), and, moreover, that Pagan procedurally defaulted his vagueness challenge to Count Thirty-Two. (*Id.* 15–21).

After the Court appointed Edward S. Zas, Esq., of the Federal Defenders of New York, Inc., to represent Pagan in this matter (Criminal Docket Entries 1132, 1149), the parties conferred and proposed briefing schedules to the Court, ultimately settling on Pagan's brief being due on April 23, 2020, and the Government's response being due on July 24, 2020, which schedule this Court endorsed (Criminal Docket Entry 1170).

---

[3] The then-assigned AUSA was temporarily unavailable due to personal reasons, and the brief was therefore not timely filed. The Court reached out to the Government, and I filed a brief that same day. As discussed below, however, the tardiness of the Government's most recent brief is entirely my fault.

Pagan timely submitted a 23-page brief in which he argued that murder and attempted murder are not, in fact, crimes of violence, as defined by Section 924(c)(3)(A). (Criminal Docket Entry 1171, Civil Docket Entry 50). Pagan's argument relied, in large part, on the Second Circuit's decision in *Scott*, which was then less than a month old. (*Id.* 11–17). In *Scott*, the Second Circuit held "that New York first-degree manslaughter is not a crime of violence under the force clause of ACCA because it can be committed by inaction, while the ordinary meaning of the terms of ACCA are not satisfied by inaction." 954 F.3d at 87. Because Section 924(c)(3)(A) closely tracks the language of the "force clause of ACCA,"[4] Pagan concluded that, "[i]n light of *Scott*, this Court should therefore conclude that New York second-degree murder, § 125.25, and New York attempted murder, §§ 110.00 and 125.25, committed in aid of racketeering, 18 U.S.C. § 1959(a), are not 'crimes of violence' under § 924(c)(3)(A)'s elements clause." (Criminal Docket Entry 1171 at 17; Civil Docket Entry 50 at 17).

The Government petitioned the Second Circuit for rehearing or rehearing *en banc*; on July 10, 2020, the Second Circuit ordered that *Scott* be heard *en banc*. *United States v. Scott*, Docket No. 18-163, Docket Entry 128 (2d Cir. July 10, 2020).

The Government did not timely file a responsive brief.

Today, the Court issued a text order: "The Government does not seem to have responded to Defendant's 4/23/20 memorandum of law. If I do not hear from the Government by 9/3/20, I will assume it has no further opposition it wishes to submit. If it does wish to submit anything further, it should explain why it missed the deadline." (Civil Docket Entry 52). The Government does wish to submit a brief, but respectfully requests that the Section 2255 motion be held in abeyance pending the Second Circuit's decision *en banc* in *Scott*.

First, the Government apologizes for failing to submit a responsive brief, or even a request to hold this proceeding in abeyance, by July 24, 2020. The explanation of why it missed the deadline is simple, if not necessarily satisfying: mere oversight. I have just checked my electronic calendar, which I use to track deadlines, and see that I failed to enter this deadline in that calendar. It was nothing more than an oversight. There can be no question that it was unintentional; had I properly logged the deadline, I would almost certainly have submitted a request to hold this proceeding in abeyance.

---

[4] Section 924(c)(3)(A) defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The Armed Career Criminal Act defines a "violent felony" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Hon. Cathy Seibel
September 1, 2020
Page 4 of 4

    Second, the Government respectfully requests that the Court not require the Government to submit a responsive brief by September 3, 2020, but instead hold this proceeding in abeyance, allowing the Government to submit its responsive brief one month after the Second Circuit issues an opinion in the *en banc* rehearing of *Scott*. In light of Pagan's reliance on *Scott*, it makes sense, as a matter of the use of the Court's and parties' resources, to wait for that decision, rather than forcing the Court to determine the applicability of *Scott* to this case, only to have to wait for the Second Circuit to confirm or deny that *Scott* is, indeed, good law. I have communicated with Mr. Zas, who agrees with this request on behalf of Pagan.

    Third, Pagan would not be prejudiced by any delay in a resolution of his Section 2255 motion. He is currently serving a sentence of life plus 85 years' imprisonment. If the Government is right, his sentence can be reduced to life plus 35 years' imprisonment. If Pagan is right, his sentence can be reduced to life plus 10 years' imprisonment. In either event, the practical outcome is that Pagan will serve the rest of his natural life in prison.

    Accordingly, the Government respectfully requests, with Pagan's consent, that this Section 2255 motion be held in abeyance pending the Second Circuit's decision following the *Scott* rehearing *en banc*, and that it be permitted to file a responsive brief one month after that decision issues.

    Please feel free to contact me with any questions or issues.

                                            Respectfully submitted,

                                            AUDREY STRAUSS
                                            Acting United States Attorney

By:                            */s/*                          
                                            Michael D. Maimin
                                            Assistant United States Attorney
                                            (914) 993-1952

cc:     Edward S. Zas, Esq. (by electronic mail and CM/ECF)