UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

-v.-

WILSON PAGAN,

                     Defendant.
------------------------------------------------------x

ORDER

No. 10-CR-392-1 (CS)

Seibel, J.

      Defendant Wilson Pagan has filed a *pro se* petition under 28 U.S.C. § 2255. (ECF No. 1344 (the "Petition").) Subject to further briefing by the parties, the Court's initial view is that the Petition would not be considered to be a second or successive petition, requiring transfer to the Court of Appeals under § 2255(h), because there has been an intervening Amended Judgment, (ECF No 1295), as a result of Defendant's last petition. *See Marmolejos v. United States*, 789 F.3d 66, 70 (2d Cir. 2015).

      But Defendant's direct appeal from that Amended Judgment is pending. Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006). Because the outcome of the direct appeal may moot or nullify "the district court's efforts on the § 2255 motion," *Outen*, 286 F.3d at 632, considerations of judicial economy dictate that a criminal defendant should pursue a direct appeal before bringing a § 2255 motion, s*ee United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011); *see also* Advisory Committee's Note to Rule 5 of the Rules Governing § 2255 Proceedings ("There is no requirement that the movant exhaust his

remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision."). In short, "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time,' *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996), Defendant should elect to proceed either in this Court or in the Court of Appeals.

Moreover, a criminal defendant is ordinarily entitled to only one petition pursuant to 28 U.S.C. § 2255. See 28 U.S.C. 2255(h). If Defendant proceeds on this Petition now, he likely will not have another chance.

For these reasons, I will hold the instant Petition in abeyance until June 27, 2024. By that date, Defendant shall advise by letter whether he wishes to stay his appeal and have this Court consider the Petition (in which case he should simultaneously make a motion to the Second Circuit for a stay), or whether he wishes to withdraw the instant Petition without prejudice to resubmission following the appeal, or whether he believes some other procedure is appropriate. I strongly suggest that Defendant confer with his appellate counsel on this issue. If Defendant does not respond as directed, the instant Petition will be dismissed without prejudice.

The Clerk of Court is respectfully directed to send a copy of this Order to Wilson Pagan, No. 88356-054, USP Lee, U.S. Penitentiary, P.O. Box 305, Jonesville, VA  24263

SO ORDERED.

Dated: May 21, 2024
      White Plains, New York

CATHY SEIBEL, U.S.D.J.